Wash, J-.,
delivered the opinion of the Court-.
This action was originally commenced in the Probate Court by petition, against the administrator, on a promissory note alledged to have been made to the plaintiffs *511 by the intestate, Lathrop. There were no regular pleadings or issues. The plaintiffs had judgment in the Probate Court, from which the defendant appealed to the Circuit Court, where, upon a trial de novo, the plaintiffs offered to read the note as evidence of the debt or duty, for which it was given, without malting proof of the intestate’s hand writing, to which the defendant objected, was sustained in his objections by the Court, and had judgment; to reverse which the plaintiffs prosecute this writ of error. The sole question for the consideration of this Court is, whether the administrator could require the plaintiffs to prove the execution of the note or bond, without an affidavit or plea, supported by affidavit, denying its execution? By the 22d section of an “ Act regulating proceedings at law,” see Rev. Code, p. 627, it is provided that When any action is founded on any instrument in writing, purporting to he executed by the other party, &c., the same shall he received in evidence unless the party, charged to have executed it, shall deny the execution thereof by plea, supported by his affidavit, accompanying the plea, and filed therewith, or by affidavit. There is no provision or exception in favor of administrators; and it would seem, from the clear and express terms used by the Legislature, that the power of requiring such proof, by plea or affidavit, was intended to he taken away from the administrator by the late law. Be that as it may, it has been clearly held by this Court, (see Pratte v. Maclcay’s executors, deceased, at St. Louis,) that the plaintiff cannot be required to prove the execution of a note or bond hut upon such plea, or affidavit, as the statute prescribes.
The judgment of the Circuit Court was, therefore, erroneous, and must be reversed with costs, and the cause remanded to he proceeded in conformably to this opinion.